# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| ERIC ALLEN ZARSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 04-3319-CM |
| | ) | |
| DONALD R. HIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed the instant lawsuit pursuant to 42 U.S.C. § 1983, asserting that defendant violated his First Amendment Right to free speech. Specifically, plaintiff claimed that defendant issued a disciplinary report for retaliatory reasons. On February 22, 2005, the court dismissed plaintiff's suit for failure to exhaust his administrative remedies (the "Order"). This matter is before the court on plaintiff's Motion for Reconsideration (Doc. 41).

### I.      Standard

Plaintiff's motion was filed within 10 days of the judgment and, as such, the motion is properly construed as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting such a motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is

appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.*

## II.     Discussion

The court stated in its Order: "[I]t is clear from plaintiff's complaint and Martinez report that plaintiff never filed a grievance complaining of the alleged retaliation [for plaintiff's written affidavit]." (Memorandum and Order, Doc. 38, pg. 4).  Additionally, in a footnote, the court added, "[t]he court likely would have dismissed plaintiff's claims on the merits had it further considered the matter.  Because the disciplinary report was promptly withdrawn, this case is similar to *Love v. Scrivner*, 2004 WL 2029328 (D. Kan. 2004)." (*Id.* at 4 n.1).

The court remains unconvinced that plaintiff in fact exhausted his administrative remedies with respect to the claims alleged in his Compliant.  However, the court will take this opportunity to expound on its determination that plaintiff's claim should be dismissed.

Foremost, the court is aware that *Love v. Scrivner* is an unreported case.  However, the court is persuaded by Judge Marten's rationale and ultimate holding therein.  As such, the court finds the reasoning set forth in *Love v. Scrivner* highly persuasive.

"Courts must play close heed to charges of First Amendment violations, but there remains a threshold which must be met.  The plaintiff must demonstrate an injury which would be one that 'would chill a person of ordinary firmness from continuing to engage in that activity.'"  *Love v. Scrivner*, 2004 WL 2029328, at *2 (D. Kan. 2004) (quoting *Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir. 2001; *Worrell v. Henry*, 219 F.3d 1197, 1213 (10th Cir. 2000)).

In *Love*, the plaintiff had been threatened with being fired from his position in the prison library if he continued to complain about library issues.  In response to that threat, he filed a grievance with prison officials.  In response to that grievance, prison officials made prison librarian Scrivner apologize for her actions.  The *Love* court noted, "[f]urther, that Love himself was never chilled by Scrivner's directive to stop complaining is reflected in Love's response to the directive: filing another complaint, his successful grievance against Scrivner."  *Id.*

Here, plaintiff was issued a disciplinary report by defendant for an "unauthorized presence," in violation of K.A.R. 44-12-503, after defendant read an affidavit written by plaintiff, wherein plaintiff admitted to being in the area.  Defendant apparently believed plaintiff was not supposed to be in that area at that time and, accordingly, issued the disciplinary report.  Plaintiff alleged that the report was in retaliation for plaintiff putting forth the affidavit.  In response to the disciplinary report, plaintiff filed a grievance, which was determined by prison officials, as per K.A.R. 44-15-101a(d)(2), to be an inappropriate forum for determining the matter, so the matter was referred to a disciplinary proceeding.  During that disciplinary hearing, the charge was dropped as plaintiff put forth evidence that he had a pass to be in the area at that time.

The facts of the case at hand are similar to those in *Love*.  Both Love and plaintiff felt that their First Amendment rights to free speech were violated by Scrivner and defendant, respectively.  Yet, neither Love nor plaintiff were chilled from continuing to engage in that activity.  That is, neither Love nor plaintiff felt that the actions of either Scrivner or defendant were enough to keep them from complaining to prison officials about said actions.  As in *Love*, the fact that plaintiff in this case "was never chilled by [defendant's disciplinary report] is reflected in plaintiff's response to the

[disciplinary report]: filing another complaint, . . . against [defendant]." *Id.*  In other words, plaintiff's First Amendment rights were neither objectively or subjectively violated.  A person of ordinary firmness would not have been chilled by the actions of defendant.

Plaintiff was given immediate relief once his complaint was heard through the proper procedural channels.  The court notes that, had the disciplinary hearing perpetuated the error and punished plaintiff for being where he was authorized to be, a different result might be justified.  But the purpose of the disciplinary proceeding is to correct such potential errors.  The court finds that plaintiff's First Amendment rights were not violated.  The court denies plaintiff's request for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 41) is denied.

Dated this   21   day of April 2005, at Kansas City, Kansas.


s/ Carlos Murguia
CARLOS MURGUIA
United States District Judge

-4-